Filed 8/28/24  P. v. Carrillo CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT WILLIAM CARRILLO,<br><br>        Defendant and Appellant. | A169091<br><br>(San Mateo County<br>Super. Ct. No. 23-SF-011343-A) |

MEMORANDUM OPINION[1]

Defendant Robert Carrillo, who was convicted of indecent exposure in 2000, appeals from a trial court order denying his petition under Penal Code section 290.5 for termination from the sex offender registry.[2]  He argues, and the Attorney General concedes, that the court erred by summarily denying the petition without holding a hearing.  We accept the Attorney General's concession, reverse the order, and remand for the court to hold the required hearing.

Based on an April 2000 incident, Carrillo was charged with a felony count of indecent exposure and a misdemeanor count of lewd conduct in

---

[1] We resolve this case by a memorandum opinion.  (California Standards of Judicial Administration, section 8.1(2).)

[2] All further statutory references are to the Penal Code.

public.[3]  In November of that year, he pled no contest to the felony count, and the other count was dismissed.  The following February, Carrillo was sentenced to 16 months in prison and was ordered to register as a sex offender under section 290.

Effective January 1, 2021, Senate Bill No. 384 (2017–2018 Reg. Sess.) (Senate Bill No. 384) "restructured the sex offender registration requirement, establishing three tiers of registration for sex offenders, primarily based on the offense of conviction, for periods of at least 10 years (tier one), at least 20 years (tier two), and life (tier three)." (*People v. Thai* (2023) 90 Cal.App.5th 427, 432.)  Carrillo is a tier-one offender, which requires him to register for at least 10 years.  (See §§ 290, subds. (c)(1), (d)(1)(A), 667.5, subd. (c), 1192.7, subd. (c).)

Effective July 1, 2021, Senate Bill No. 384 also "established procedures for a person to seek termination from the sex offender registry if the person meets certain criteria, including completion of the mandated minimum registration period." (*People v. Thai*, *supra*, 90 Cal.App.5th at p. 432; § 290.5.)  As relevant here, if a tier-one offender has not completed the required registration period or "if community safety would be significantly enhanced" by continued registration, the prosecution "may . . . request a hearing on the petition." (§ 290.5, subd. (a)(2); see § 290, subd. (e).)  "If the district attorney requests a hearing, the district attorney shall be entitled to present evidence regarding whether community safety would be significantly enhanced by requiring continued registration." (§ 290.5, subd. (a)(3).)  Otherwise, if no hearing is requested, the trial court must grant the petition

---

[3] The charges were brought under sections 314(1) (indecent exposure) and 647, subdivision (a) (lewd conduct).  Our record does not contain information about the underlying facts, which are not relevant to our resolution of this appeal.

2

unless it "determines the petitioner does not meet the statutory requirements for termination of sex offender registration or if the petitioner has not fulfilled the filing and service requirements of this section." (§ 290.5, subd. (a)(2).)

In July 2023, Carrillo filed a petition under section 290.5 to terminate his sex offender registration. The petition averred that he was a tier-one offender, was not in custody or on any form of supervised release, and did not have any pending charges that could affect his sex offender status. The following month, the prosecution opposed the petition and requested a hearing on the basis that Carrillo's continued registration would significantly enhance community safety. The prosecution did not submit any evidence or other materials with its form objection.

Four days after the prosecution filed its objection, and without holding a hearing, the trial court summarily denied Carrillo's petition. The basis for the denial was that "[t]he Court believes that the safety of the public will be greatly enhanced by denying this Petition and requiring the Petitioner to continue to register."

As the parties agree, once the prosecution requests a hearing under section 290.5, the trial court *must* hold one. (*People v. Franco* (2024) 99 Cal.App.5th 184, 192; § 290.5, subd. (a)(3).) Indeed, the only specified bases on which a "court may summarily deny a petition" are if the petitioner failed to meet the statutory requirements for termination of registration or failed to comply with the required procedures. (§ 290.5, subd. (a)(2).) It is undisputed that Carrillo complied with the applicable requirements, however, and the trial court denied the petition on the basis that community safety would be enhanced by his continued registration. The court did so even though it neither cited nor was provided with any evidence bearing on

3

this determination.  In short, the court erred by denying Carrillo's petition without first holding a hearing.

The August 25, 2023 order summarily denying the section 290.5 petition is reversed.  The matter is remanded for the trial court to hold a hearing under section 290.5, subdivision (a)(3), on whether Carrillo's continued registration would significantly enhance community safety.

_____

Humes, P. J.

WE CONCUR:



_____

Banke, J.



_____

Langhorne Wilson, J.

*People v. Carrillo*  A169091

5